UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| RAUL ARELLANO, | Case No.: 3:15-cv-02059-AJB-BGS |
|---|---|
| Plaintiff, | |
| v. | **ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS** |
| SEDIGHI; R. WALKER; S. ROBERTS; J. LEWIS; CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES CO; M. GLYNN; A. BUSALACCHI, | |
| Defendant. | |

I.   **Procedural History**

On September 15, 2015, Raul Arellano ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).  On February 1, 2016, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted.  (Doc. No. 3.) After receiving an extension of time, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. No. 7.)

## II. Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

The Prison Litigation Reform Act ("PLRA") requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.; see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that

§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (*citing Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

### B. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C. Duplicative claims

As an initial matter, the Court finds that the claims against Defendant Sedighi are subject to sua sponte dismissal because they are duplicative of claims brought in another civil action he is already litigating in the Southern District of California. *Compare Arellano v. Officer Hodge, et al.*, S.D. Cal. Civil Case No. 3:14-cv-00590-JLS-JLB. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

A prisoner's complaint is considered frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Therefore, because Plaintiff is already litigating the identical claims presented in the instant action against the same Defendant in *Arellano v. Officer Hodge, et al.*, S.D. Cal. Civil Case No. 3:14-cv-00590-JLS-JLB, the Court must dismiss the claims against Defendant Sedighi in this matter as frivolous.

### D.  Rule 8

The Court also finds that Plaintiff's FAC fails to comply with Rule 8.  Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) & (2).  In addition, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff is also admonished that he must comply with Local Rule 8.2 which requires, in part, that "[c]omplaints by prisoners under the Civil Rights Act, 42 U.S.C. § 1983, must be legibly written or typewritten on forms supplied by the court" and "additional pages not to exceed fifteen (15) in number may be included with the court approved form complaint, provided the form is completely filled ion to the extent applicable." S.D. CivLr 8.2(a).  Here, Plaintiff filed an additional forty two (42) pages, along with the Court's form complaint, which well exceeds the number of pages permitted by the local rule.

### E.  Inadequate Medical Care Claims

The Court finds that Plaintiff has failed to state a plausible Eighth Amendment claim against any of the named Defendants. Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . .

proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104).

First, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing *Estelle*, 429 U.S. at 103-104. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.*, citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989).

Plaintiff alleges to suffer from a seizure disorder, as well as suffering pain from "head nerve damage." *See* FAC at 3. The Court finds these allegations sufficient to plead an objectively serious medical need. *McGuckin*, 914 F.2d at 1059.

However, even assuming Plaintiff's medical needs are sufficiently serious, his FAC still fails to include sufficient "factual content" to show that any Defendant acted with "deliberate indifference" to his needs. *McGuckin*, 914 F.2d at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Iqbal*, 556 U.S. at 678.

Plaintiff alleges that he was examined by Defendant Busalacchi. FAC at 13. Plaintiff described his pain and asked for a prescription for a medication he had

1  previously been prescribed. *Id.* Nurse Busalacchi declined Plaintiff's request and instead
2  increased the dosage of the pain medication Plaintiff was already on. *Id.* Plaintiff argues
3  that he was concerned that the side effects of this medication would increase if the dosage
4  was raised. *Id.* at 13-14. Plaintiff then filed a number of grievances and seeks to hold
5  liable the Defendants who responded to these grievances. In these grievances,
6  Defendants Roberts, Lewis, Walker and Glynn agreed with the course of treatment that
7  Plaintiff was receiving and declined to direct that Plaintiff be prescribed the medication
8  of his choice. *Id.* at 20.

9  While Plaintiff concludes Defendants acted with "deliberate indifference' by
10 failing to prescribe the medication he believed was appropriate, his FAC lacks the
11 "further factual enhancement" which demonstrates any Defendant's "purposeful act or
12 failure to respond to [his] pain or possible medical need," and any "harm caused by [this]
13 indifference." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557); *Wilhelm v.*
14 *Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). This is
15 because to be deliberately indifferent, Defendants' acts or omissions must involve more
16 than an ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012)
17 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. "A difference of
18 opinion between a physician and the prisoner–or between medical professionals–
19 concerning what medical care is appropriate does not amount to deliberate indifference."
20 *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989));
21 *Wilhelm*, 680 F.3d at 1122-23. Instead, Plaintiff must plead facts sufficient to "show that
22 the course of treatment the doctor[] chose was medically unacceptable under the
23 circumstances and that the defendant[] chose this course in conscious disregard of an
24 excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citation and internal quotations
25 omitted).

26 Plaintiff's FAC, however, contains no facts sufficient to show that any of his
27 doctors or other medical officials acted with deliberate indifference to his plight by
28 "knowing of and disregarding an[y] excessive risk to his health and safety." *Farmer v.*

*Brennan*, 511 U.S. 825, 837 (1994). Plaintiff's FAC describes a difference of opinion with regard to the course of treatment for his medical needs which does not rise to the level of "deliberate indifference." *Snow*, 681 F.3d at 987.

### F. Fourteenth Amendment claims

To the extent Plaintiff intends to hold Defendants liable for the manner in which they responded to his administrative grievances, he has failed to state a claim. While the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1, "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, to state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

The Ninth Circuit has held that prisoners have no protected property interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Ramirez v. Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure")). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. *Mann*, 855 F.2d at 640. *See also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991).

Plaintiff has failed to plead facts sufficient to show that any Defendant prison official deprived him of a protected liberty interest by allegedly failing to respond to any

particular prison grievance in a satisfactory manner. While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff pleads insufficient facts that would demonstrate how Defendants' allegedly inadequate review or failure to consider inmate grievances restrained his freedom in any way, or subjected him to any "atypical" and "significant hardship." *Id.* at 483-84.

Thus, the Court finds that Plaintiff's due process allegations also fail to support a plausible claim upon which relief may be granted and therefore, must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

### G. Leave to Amend

Accordingly, the Court finds that Plaintiff's FAC fails to state a claim against any named Defendant, and therefore, it is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Because Plaintiff is proceeding without counsel, however, and the Court has now provided him "notice of the deficiencies in his complaint," it will also grant Plaintiff an opportunity to amend it. *See Akhtar*, 698 F.3d at 1212 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. Conclusion and Orders

Good cause appearing, the Court:

1. **DISMISSES** Plaintiff's First Amended Complaint for failing to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended

1 | Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc.*
2 | *v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended
3 | pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir.
4 | 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an
5 | amended pleading may be "considered waived if not repled.").

     2. **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

Dated: August 19, 2016

Hon. Anthony J. Battaglia
United States District Judge