UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br>CDCR #g-57782,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SEDIGHI; R. WALKER; S. ROBERTS; J. LEWIS; M. GLYNN; A. BUSALACCHI<br><br>　　　　　　　　　　Defendants. | Case No.: 3:15-cv-02059-AJB (BGS)<br><br>**ORDER:**<br><br>**(1)  DISMISSING DEFENDANTS FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONEY DAMAGES AGAINST IMMUNE DEFENDANTS;**<br><br>**AND**<br><br>**(2)   DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT UPON DEFENDANTS PURSUANT TO Fed. R. Civ. P. 4(c)(3) AND 28 U.S.C. § 1915(d)** |

**I.     Procedural History**

On September 15, 2015, Raul Arellano ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).  On February 1, 2016, this Court granted Plaintiff's Motion to Proceed *In*

*Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted. (Doc. No. 3.) After receiving an extension of time, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. No. 7.) The Court, once again, conducted the required screening and dismissed Plaintiff's FAC for failing to state a claim upon which relief could be granted. On October 25, 2016, Plaintiff filed his Second Amended Complaint ("SAC"). (Doc. No. 10.)

**II.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

   A.   <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard.

1  *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

2  "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).

B.  Dismissed Defendants

When the Court dismissed Plaintiff's FAC, he was informed that any "Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived." *See* Aug. 19, 2016 Order, Doc. No. 8 at 8-9, citing *Hal Roach Studios, Inc., v. Richard Feiner & Co., Inc*, 896 F.2d 1542, 1546 (9th Cir. 1989). In his SAC, Plaintiff no longer names Daniel Paramo and therefore, this Defendant is DISMISSED from this action.

While Plaintiff names the "California Correctional Health Care Services" as a Defendant, he fails to allege any facts specific to what this Defendant is alleged to have done. Regardless, Plaintiff cannot bring an action for money damages against this Defendant and the claims as to this Defendant must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim and for seeking damages against a defendant who is immune. The State of California's Department of Corrections and Rehabilitation and any state prison, correctional agency, sub-division, or department under its jurisdiction, are not "persons" subject to suit under § 1983. *Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department

of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983). And if by naming an agency within the CDCR as a party, Plaintiff really seeks to sue the State of California itself, his claims are clearly barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.").

Therefore, to the extent Plaintiff seeks monetary damages against the California Correctional Health Care Services Company, this Defendant is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1) & (2).

C.   Remaining Defendants

Based on the allegations contained in Plaintiff's SAC, the Court now finds Plaintiff's SAC is sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b) as to the remaining Defendants. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).[1]

Accordingly, the Court will direct U.S. Marshal service on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III.   Conclusion and Order

Good cause appearing, the Court:

1.   **DISMISSES** Defendants Paramo and California Correctional Health Care Services Company for failing to state a claim and for seeking monetary damages against an immune defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C.

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

§ 1915A(b)(1) & (2).

2. **DIRECTS** the Clerk of Court to issue a summons as to Plaintiff's Second Amended Complaint (Doc. No. 10) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Court **DIRECTS** the Clerk to provide Plaintiff with a certified copy of this Court's February 1, 2016 Order Granting Plaintiff's Motion for Leave to Proceed IFP (Doc. No. 3), a certified copy of his Second Amended Complaint (Doc. No. 10), and the summons so that he may serve Defendants. Once he receives this "IFP Package," the Court **ORDERS** Plaintiff to complete the USM Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.

3. **ORDERS** the U.S. Marshal, upon receipt of Plaintiff's completed USM Form 285s, to timely serve a copy of Plaintiff's First Amended Complaint and summons upon each Defendant as directed by Plaintiff. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

4. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Second Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

5. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration. Plaintiff must include with every original document he seeks to file

with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants, or counsel for Defendants, and the date of that service.

Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants may be disregarded.

**IT IS SO ORDERED**.

Dated:  February 3, 2017

Hon. Anthony J. Battaglia
United States District Judge