UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>                                Plaintiff,<br><br>v.<br><br>DR. SEDIGHI, R. WALKER, Chief Physician and Surgeon, S. ROBERTS, M.D., Chief Medical Executive, et al.,<br><br>                                Defendants. | Case No.: 15-CV-2059-AJB-BGS<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL;**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR CONSIDERATION OF PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION;**<br><br>**(3) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT;**<br><br>**(4) DENYING PLAINTIFF'S MOTION FOR INTERLOCTUROY APPEAL; AND**<br><br>**(5) GRANTING PLAINTIFF'S MOTION FOR COPIES**<br><br>(Doc. Nos. 48, 56) |

Presently before the Court are Plaintiff's motions for appointment of counsel, consideration of his objections to Magistrate Judge Bernard G. Skomal's Report and Recommendation ("R&R"), extension of time to file third amended complaint, request for interlocutory appeal, and request for copies. (Doc. Nos. 48, 56.)

## I. BACKGROUND

Plaintiff is currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego. (Doc. No. 10 at 2.) In 2010, Plaintiff suffered head trauma that has since caused him seizures and nerve damage. (*Id.* at 7.) From August 2011 until November 2011, Plaintiff was prescribed Gabapentin for his symptoms while he was housed at Calipatria State Prison. (*Id.*) On November 15, 2011, Plaintiff was transferred to RJD. (*Id.*) Plaintiff was then taken off Gabapentin and placed on a new medication. (*Id.*) Plaintiff alleges that the new medication caused severe pain and more frequent and aggressive seizures. (*Id.*) In March 2012, Plaintiff fell from his top bunk causing a lower back injury and symptoms of neuropathy. (*Id.*)

Plaintiff filed grievances requesting to change his medication back to Gabapentin because the other medication (1) was "ineffective to [his] symptoms" and (2) gave him "severe side effects such as suicidal thoughts, vomiting" and "deprive[d him] of life necessities; [sic] eating, sleeping exercise." (*Id.*)

On March 1, 2015, Plaintiff was placed in the suicide infirmary after a suicide attempt. (*Id.*) While in the infirmary, a psychiatrist took Plaintiff off Elavil and Keppra due to negative side effects, including suicidal thoughts. (*Id.*) On March 11, 2015, Plaintiff was taken off Trileptal, a different seizure medication, due to an allergic reaction and placed on no other medication. (*Id.*) Miss Barros informed Plaintiff that a doctor ("Doe #1") had permanently taken him off all seizure medication until further notice. (*Id.* at 8.)

On March 19, 2015, Plaintiff was again placed in the suicide infirmary. (*Id.*) Dr. Sedighi attended to Plaintiff while he was in the infirmary from March 19, 2015 to March 27, 2015. (*Id.* at 9–10.) Plaintiff told Dr. Sedighi that he would like to be placed back on Gabapentin. (*Id.* at 11.) However, Dr. Sedighi did not place Plaintiff on any medication. (*Id.*)

Five days later, Plaintiff had a seizure in which he suffered an injury to his neck. (*Id.* at 9, 11.) At the time of filing his second amended complaint ("SAC"), Plaintiff was still in pain and could not sleep. (*Id.*) In December 2015, Plaintiff was prescribed Neurontin by a different doctor. (*Id.* at 19.)

On September 15, 2015, Plaintiff initiated this action by filing a complaint. (Doc. No. 1.) On February 1, 2016, Plaintiff's complaint was dismissed during initial screening. (Doc. No. 3.) Plaintiff filed his first amended complaint on April 6, 2016. (Doc. No. 7.) This was then dismissed on August 22, 2016. (Doc. No. 8.) On October 19, 2016, Plaintiff filed his SAC *nunc pro tunc* in which he alleges civil rights violations pursuant to defendants Dr. Sedighi, Walker, Roberts, Lewis, Glynn, and Nurse Busalacchi. (Doc. No. 10.) Plaintiff also alleges that all Defendants violated his Eighth Amendment right to freedom from cruel and unusual punishment. (*See generally id.*) Additionally, he alleges that Dr. Sedighi violated his procedural due process rights under the Fourteenth Amendment and his rights under the American Disabilities Act. (*See generally id.*) Defendants filed a motion to dismiss Plaintiff's SAC. (Doc. No. 20.) Magistrate Judge Skomal issued a Report and Recommendation ("R&R"). (Doc. No. 43.) The Court adopted Magistrate Judge Skomal's R&R on March 20, 2018. (Doc. No. 44.) Plaintiff filed objections to the R&R on April 2, 2018. (Doc. No. 42.)

## II. DISCUSSION

A. <u>Motion to Appoint Counsel</u>

There is no constitutional right to the appointment of counsel in § 1983 cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Ninth Circuit, however, has held "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt*

*v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations are dispositive and instead must be viewed together. *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff has requested counsel be appointed due to his lack of his vision from a suicide attempt. (Doc. No. 48 at 2.) While the Court is certainly sympathetic to Plaintiff's injury, Plaintiff has failed to demonstrate a likelihood of success on the merits and he has consistently demonstrated his ability to litigate his claims. For example, Plaintiff's complaint was dismissed during the initial screening process with leave to amend, Plaintiff was able to file a motion for extension of time and file an amended complaint. (Doc. Nos. 5, 7.) When Plaintiff's amended complaint was dismissed, he was able to file a second amended complaint. (Doc. Nos. 8, 10.) When Defendants filed a motion to dismiss, Plaintiff was able to again request for an extension of time and respond to the motion to dismiss. (Doc. Nos. 27, 31.) Where a pro se civil rights plaintiff demonstrates he understands basic litigation procedure and has been able to articulate his claims adequately, he has not met his burden to establish exceptional circumstances exist to appoint counsel. *See Palmer*, 560 F.3d at 970.

Further, the Court in *Arellano v. Hodge*, No. 14-CV-00590-JLS-JLB, ordered the Office of the Attorney General to submit a report on Plaintiff's claim of his vision impairment, which has been filed in the instant action. (Doc. No. 50.) The report establishes that Plaintiff has been examined by a physician and an optometrist, and both could not find a reason for Plaintiff's blurry vision. (*Id.* at 3.) Further in a supplemental report, the ophthalmologist found that Plaintiff's eye exam was normal and again stated that there was no medical reason for Plaintiff's claimed vision problem. (Doc. No. 51 at 6.) Plaintiff has also been provided with access to equipment in the law library to magnify or read text. (*Id.* at 2.) Further, Plaintiff has been provided with a skilled inmate to read text and to act as a scribe in preparing written documents. (*Id.*) Plaintiff's argument that the skilled inmate and the law library staff cannot provide him with legal advice does not raise to the level of "exceptional circumstances" to be appointed counsel. (Doc. No. 53 at 1.) Accordingly, the

Court **DENIES** Plaintiff's motion for appointment of counsel.

B. <u>Consideration of Objections to Report and Recommendation</u>

Plaintiff requests that the Court consider his objections to Magistrate Judge Skomal's R&R as they were timely. (Doc. No. 56 at 2.) Objections to the R&R were due on March 13, 2018. (Doc. No. 43 at 27.) Plaintiff's objections were received by the Court on March 23, 2018 and were postmarked on March 21, 2018. (Doc. No. 46.) The Court had already adopted Magistrate Judge Skomal's R&R. (Doc. No. 44.) Despite the objections being untimely, the Court **GRANTS** Plaintiff's request that the Court consider his objections. Accordingly, the Court will address Plaintiff's objections to the R&R below.

*i. Legal Standard*

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

*ii. Objections to the Report and Recommendation*

Plaintiff asserts several objections to Magistrate Judge Skomal's R&R. (*See generally* Doc. No. 46.)

First, Plaintiff asserts that he provided the Court with the names of the Defendants and accordingly, his allegations towards the four Defendants are not vague and conclusory. (Doc. No. 46 at 2.) However, individually naming the four Defendants does not correct Plaintiff's vague and conclusory allegations. There is vicarious liability for civil rights violations. *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009); *Jones v. Williams*, 297 F.3d

930, 934 (9th Cir. 2002); *Peralta v. Dillard*, 744 F.3d 1076, 1085–86 (9th Cir. 2014). A prison official's alleged improper processing of an inmate's grievance, without more, fails to serve as a basis for section 1983 liability. *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (prisoners have no "separate constitutional entitlement to a specific prison grievance procedure"); *see also Shallowhorn v. Molina*, 572 Fed. App'x 545, 547 (citing *Ramirez*, 334 F.3d at 860) (finding that the district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process"); *Cummer v. Tilton*, 465 Fed. App'x 598, 599 (9th Cir. 2012) (same); *Dragasits v. Yu*, No. 16-CV-1998 BEN (JLB), 2017 WL 3141802, at *14 (S.D. Cal. July 24, 2017) (collecting cases relying on Ramirez to hold that a "prison official's mere administrative review of a prisoner's health care appeal cannot serve as the basis of the official's liability under § 1983"), *adopted* 2016 WL 87375772 (S.D. Cal. Apr. 29, 2016), *aff'd sub nom. Bell v. Glynn*, 696 Fed. App'x 249 (9th Cir. 2017).

Plaintiff simply alleges that "all Defendants knew through my grievances that I was receiving inadequate and ineffective course of treatment." (Doc. No. 10 at 22.) This is a vague and conclusory allegation and is insufficient to survive a motion to dismiss. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.3d 266, 268 (9th Cir. 1982); *Jones*, 733 F.2d at 649. The issue is not that Plaintiff failed to name each individual defendant, but rather that Plaintiff failed to allege that these defendants were personally involved in any decisions about the appropriate course of Plaintiff's treatment.

Second, Plaintiff asserts that inferences can be made from his allegations in his complaint to show that he pled these defendants were personally involved in any decisions about the appropriate course of Plaintiff's treatment. (Doc. No. 46 at 2.) The Court may draw reasonable inferences from the factual content of the complaint. *Iqbal*, 556 U.S. at 678. The Court must "draw on its judicial experience and common sense." *Id.* at 679. Specifically, Plaintiff alleges that the following allegations from his complaint are adequate to draw an inference that the defendants were personally involved in any decisions about the appropriate course of Plaintiff's treatment:

- From May 2015–August 2015 through grievances I informed all the defendants about my emergency's serious medical needs, but they all didn't do nothing to help. Instead they left me to suffer on the conditions that was depriving me of life necessities.

- I also let doctors of Medical Appeal Coordinators that besides medication being ineffective to my symptoms (of serious medical needs) their [sic] also giving me side effects such as suicidal thoughts, vomiting, etc. (Life at risk as harm). And all of that was depriving me of life necessities; Eating [sic], sleeping, exercise.

- This [sic] 4 defendants are in charge to review grievances by inmates whenever inmates are in a situation where neither doctors or nurses are not giving them a course of medical treatment that does not reduce symptoms of severe pain that deprives inmate of life necessities or that puts inmate on a life risk of harm. Or when inmate is receiving a [sic] inadequate medical treatment that its side effects are giving a life risk of harm, or is not being effective to the symptoms.

(Doc. No. 10 at 8, 9, 22.) These allegations do not provide a reasonable inference that Defendants were personally involved in any decisions about the appropriate course of Plaintiff's treatment. For example, Plaintiff has not alleged facts that Defendants personally reviewed Plaintiff's medical records or interviewed Plaintiff. Further, defendants Walker, Roberts, Lewis, and Glynn as Plaintiff has alleged have not had any sort of medical training to assess Plaintiff's condition. Walker does have the title Chief Physician and Surgeon, however Walker was justified in relying on the opinions of qualified medical staff in responding to Plaintiff's grievances. *See Peralta*, 744 F.3d at 1087 (finding no Eighth Amendment deliberate indifference claim arising from a physician's response to a grievance where they relied on the medical opinions of staff who investigate the plaintiff's "complaints and already signed off on the treatment plan."); *Doyle v. California Dep't of Corrections and Rehabilitation*, No. 12-CV-2769-YGR, 2015 WL 5590728, at *9 (N.D.

Cal. Sept. 23, 2015). Accordingly, Plaintiff has failed to establish a plausible claim of deliberate indifference against defendants Walker, Roberts, Lewis and Glynn.

Next, Plaintiff explains that he has now provided authority to support his allegation that California Code of Regulations, title 15, section 3350(a) gives rise to a liberty interest warranting protection pursuant to the Fourteenth Amendment Due Process Clause. (Doc. No. 46 at 8.) Plaintiff relies upon *Gibson v. Cty. Of Washoe, Nev.*, 290 F.3d 1175 (9th Cir. 2002). However, *Gibson* does not support this contention. The Ninth Circuit does not even discuss California Code of Regulations, title 15, section 3350(a) in this opinion. *See generally id.* Furthermore, *Gibson* was overturned in 2016 by *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). Accordingly, Plaintiff has still failed to provide any authority that California Code of Regulations, title 15, section 3350(a) gives rise to a liberty interest warranting protection pursuant to the Fourteenth Amendment Due Process Clause. Plaintiff has failed to state a claim under the Fourteenth Amendment for any due process violation, thus, Plaintiff's objection that Dr. Sedighi did violate California Code of Regulations, title 15, section 3350(a) is also moot.

Plaintiff appears to state an objection to the fact that he does have a disability under the ADA. (Doc. No. 46 at 12.) Magistrate Judge Skomal explicitly stated that "the Court has assumed that his history of seizures would qualify as a disability under the ADA." (Doc. No. 43 at 24.) Accordingly, Plaintiff's objection is moot.

Plaintiff objects to the Court's assertion that Plaintiff was not completely denied medical care and thus, Plaintiff has not alleged a complete deprivation of necessary treatment to establish a violation of the ADA. (Doc. No. 46 at 12.) Plaintiff states "I don't know how does that justify [sic] Dr. holding me to be off my medication and not prescribing a new medication." (Doc. No. 46 at 12.) However, Plaintiff, by his own admission, was receiving medication to control his seizures and pain. (Doc. No. 10 at 7–9, 15, 20, 27.) Plaintiff's claims are not adequate to establish a claim under the ADA. *See, e.g., Payne v. Ariz.*, No. CV-09-1195-PHX-NVW, 2010 WL 1728929, at *5 (D. Ariz. Apr. 26, 2010) ("That the State initially failed to diagnose [plaintiff's] diabetes amounts to no

1  more than a negligent medical judgment. Furthermore, that [plaintiff] received any glucose tablets, insulin, and food, albeit sporadically, indicates that there was no outright and deliberate denial of access to care."); *Razon v. Cty. of Santa Clara*, No. 17-CV-00869-LHK, 2018 WL 405010, at *10 (N.D. Cal. Jan. 12, 2018) (that plaintiff "received any oxygen therapy, medication, and monitoring at all indicates that there was no outright and deliberate denial of access to care").

Plaintiff objects to the denial of revealing the identity of Doe #1. (Doc. No. 46 at 13.) Plaintiff states that he ordered his medical records and "the information of who took me off such medication, as its reasons or for how long was he planning to keep me off. [sic] Are not on the contents of the medical records provided to me by prison." (Doc. No. 46 at 13.) "Under Rule 34(a), Plaintiff has the right to request from any party production of documents 'which are in the possession, custody or control of the party upon whom the request is served.'" *Singleton v. Hedgepath*, No. 1:08-CV-00095, 2011 WL 1806515, at *8 (citing Fed. R. Civ. P. 34(a)(1)). Here, Plaintiff has been provided with the medical records to determine the identify of Doe #1. Accordingly, the Court will not require Defendants to produce documents that are equally accessible to both parties. Thus, the Court affirms its decision to deny Plaintiff's motion to disclose the name of Doe #1.

Accordingly, the Court **AFFIRMS** its Order adopting the R&R, (Doc. No. 44), and **OVERRULES** Plaintiff's Objections, (Doc. No. 46). The Court **GRANTS** Plaintiff leave to file a third amended complaint. Plaintiff has until **April 16, 2019** to file a third amended complaint curing only the deficiencies noted within Magistrate Judge Skomal's R&R. Plaintiff should not address the causes of action that have been dismissed with prejudice.

///
///
///
///
///
///

C.  Motion to Certify an Interlocutory Appeal

Plaintiff requests to certify the Court's decision finding his objections as moot. However, the Court has now considered Plaintiff's objections, accordingly this request is moot. Plaintiff further requests to certify the Court's March 20, 2018 Order adopting Magistrate Judge Skomal's R&R. (Doc. No. 56 at 2.) Pursuant to 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order.

District courts should only certify an interlocutory appeal in "rare circumstances" because "[s]ection 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Therefore, certification pursuant to § 1292(b) is appropriate "only in exceptional situations." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)); *Milbert v. Bison Labs.*, 260 F.2d 431, 433–35 (3d Cir. 1958)). The party seeking the interlocutory appeal bears the burden of establishing that the requirements for certification are met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

Here, Defendant's motion to dismiss was granted as to defendants Walker, Roberts, Lewis and Glynn and two of his claims against Dr. Sedighi. (Doc. No. 43 at 27.) This order does not preclude Plaintiff from going forward with his claims against Nurse Busalacchi and his Eighth Amendment Claim against Dr. Sedighi. This is not a matter that will "materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). After a final judgment in this matter, Plaintiff is free to appeal the Court's ruling. Accordingly, the Court **DENIES** the motion for leave to file an interlocutory appeal.

D.   Motion for Copies

Plaintiff requests copies of the March 20, 2018 Order adopting the R&R, the April 2, 2018 Notice of Document Discrepancies and Order, and the April 2, 2018 Objection to the R&R. The Court finds good cause exists and **GRANTS** Plaintiff's request for copies of Docket Numbers 44, 45, and 46.

### III.   CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's motions for appointment of counsel, **GRANTS** Plaintiff's motion for consideration of his objections to Magistrate Judge Bernard G. Skomal's Report and Recommendation ("R&R"), **GRANTS** Plaintiff's motion for extension of time to file third amended complaint, **DENIES** Plaintiff's request for interlocutory appeal, and **GRANTS** Plaintiff's request for copies. Further, the Court **AFFIRMS** its adoption of Magistrate Judge Skomal's R&R and **OVERRULES** Plaintiff's objections. Plaintiff has until **April 12, 2019** to file a third amended complaint curing only the deficiencies noted within Magistrate Judge Skomal's R&R.

**IT IS SO ORDERED**.

Dated:  March 5, 2019

Hon. Anthony J. Battaglia
United States District Judge