| | |
|---|---|
| Raul ARELLANO,<br><br>                       Plaintiff,<br><br>v.<br><br>SEDIGHI, et al.,<br><br>                      Defendants. | Case No.: 15-cv-02059-AJB-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMNT OF COUNSEL**<br><br>**[ECF No. 74]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Plaintiff Raul Arellano is a state prisoner proceeding *in forma pauperis* ("IFP") and *pro se* in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff's Motion for Appointment of Counsel is currently pending before the Court. (ECF No. 74.) He argues that "exceptional circumstances" necessitate the appointment of counsel because: (1) he needs an attorney to locate a witness who is "somewhere in the streets by now"; (2) he needs to look for an expert witness; and (3) he has never taken depositions before. (*Id.* at 1.)

"There is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Further, there is no constitutional right to a court-appointed attorney in section 1983

claims. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). District Courts have discretion, however, pursuant to 28 U.S.C. § 1915(c)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. Cty. of King*, 883 F.2d 819, 823 (9th Cir. 1989); *Palmer*, 560 F.3d at 970. "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before making a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Plaintiff's stated inability to locate a witness who has since been released from prison, to locate an expert witness, and conduct depositions, does not demonstrate exceptional circumstances. *See Price v. Weise*, No. 16CV1174-CAB(KSC), 2019 WL 3887341, at *2 (S.D. Cal. Aug. 16, 2019) (inability to locate expert witness not exceptional circumstance); *Morris v. Barr*, No. 10-CV-2642-AJB BGS, 2011 WL 3859711, at *3 (S.D. Cal. Aug. 31, 2011) (finding "the potential need for experts, and [plaintiff's] ability to obtain discovery and conduct depositions are not exceptional circumstances warranting the appointment of counsel"). The hardships associated with litigating Plaintiff's case are shared by all incarcerated litigants lacking legal experience. Most of Plaintiff's arguments are not based on the complexity of the legal issues involved but rather on the general difficulty of litigating *pro se*. *See Wilborn*, 789 F.2d at 1331 (noting that "[i]f all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues").

Additionally, Plaintiff has not demonstrated he has the financial means to hire an expert even if one were to be located. As a general matter, IFP litigants must hire their own experts. *Sinegal v. Duarte*, 11CV2534-BEN JMA, 2013 WL 5408602, at *2 (S.D. Cal. Sept. 25, 2013). The IFP statute does not waive the requirement of the payment of fees or

expenses for witnesses, including experts, in a section 1983 prisoner civil rights action. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). While the Court is cognizant of the challenges an IFP litigant such as Plaintiff faces in retaining an expert witness, the IFP statute does not grant the Court the authority to appoint expert witnesses on behalf of a party. 28 U.S.C. § 1915; *see also Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995). Further the Court has the ability to appoint a neutral expert under Federal Rule of Evidence 706 if it becomes necessary.

Plaintiff's filings to date demonstrate that he is able to understand and articulate the essential facts supporting his claims. Plaintiff has successfully litigated his case and survived a motion to dismiss his remaining claim against the remaining defendants. Thus, the Court finds Plaintiff has demonstrated an adequate understanding of the relevant facts as well as the legal issues involved. Accordingly, the Court does not find exceptional circumstances warranting the appointment of counsel at this time. Plaintiff's Motion for Appointment of Counsel (ECF No. 74) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: February 7, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge