UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raul ARELLANO,,<br><br>                        Plaintiff,<br><br>v.<br><br>SEDIGHI, et al.,<br><br>                       Defendants. | Case No.: 3:15-cv-02059-AJB-BGS<br><br>**ORDER:**<br>**(1) PROVIDING NOTICE OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO** *KLINGELE v. EIKENBERRY* **AND** *RAND v. ROWLAND*<br>**(2) VACATING HEARING DATE**<br>**(3) SETTING BRIEFING SCHEDULE ON MOTION FOR SUMMARY JUDGMENT** |

### NOTICE REGARDING MOTION FOR SUMMARY JUDGMENT

    This notice is required to be given to you pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988):

    Defendants Sedighi, et al., have filed a motion for summary judgment in your case under Rule 56 of the Federal Rules of Civil Procedure.  If the motion is granted, it will end your case.

1  Defendants filed the Motion for Summary Judgment on April 13, 2020 with a
2  hearing date of June 15, 2020.  There is **no** right to an oral hearing on a motion for
3  summary judgment.  Under Local Rule 7.1(d)(1), the Court has the right to make a
4  decision by reading the papers filed and not hearing any oral argument.  Accordingly, the
5  June 15, 2020 hearing date is **VACATED**.

6  Your opposition (including any supporting papers) must be filed with the court and
7  served by you on the Defendants by **May 11, 2020**.  If you do not wish to oppose
8  Defendants' Motion, you should file and serve a "Notice of Non-Opposition" by that
9  same date to let the Court know that Defendants' Motion is unopposed.  If you do file and
10 serve an Opposition, Defendants must file papers in reply to your papers, and those
11 papers have to be filed by Defendants with the court and served on you by **May 18, 2020**.

12 Rule 56 tells you what you must do in order to oppose a Motion for Summary
13 Judgment.  Generally, summary judgment must be granted when there is no genuine issue
14 of material fact—that is, if there is no real dispute about any fact that would affect the
15 result of your case, the party who asked for summary judgment is entitled to judgment as
16 a matter of law, which will end your case.  When a party you are suing makes a motion
17 for summary judgment that is properly supported by declarations (or other sworn
18 testimony), you cannot simply rely on what your complaint says.  Instead, you must set
19 out specific facts in affidavits or declarations, depositions, admissions, answers to
20 interrogatories, or other authenticated documents, as provided by Rule 56(c), that
21 contradict the facts shown in the defendants' declarations and documents and show that a
22 fact is genuinely disputed and requires trial.  If you do not submit your own evidence in
23 opposition, summary judgment, if appropriate, may be entered against you.  If summary
24 judgment is granted, your case will end in favor of Defendants and there will be no trial.

25 **IT IS SO ORDERED.**
26 Dated:  April 15, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge