UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DR. SEDIGHI, R. WALKER, Chief Physician and Surgeon, S. ROBERTS, M.D., Chief Medical Executive, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 15-CV-2059-AJB-BGS<br><br>**ORDER DENYING MOTION TO RECONSIDER**<br><br><br><br>(Doc. No. 65) |

Presently before the Court is Plaintiff's motion for reconsideration. (Doc. No. 65.) As will be explained in greater detail, below the Court **DENIES** Plaintiff's motion.

## **BACKGROUND**

On February 27, 2018, Magistrate Judge Skomal issued a Report and Recommendation ("R&R") recommending that the Court grant in part and deny in part Defendant Dr. Sedighi's motion to dismiss, grant without leave to amend Defendants Walker, Roberts, Lewis, and Glynn's motion to dismiss, deny Nurse Busalacchi's motion to dismiss, and deny Plaintiff's motion to disclose the name of Doe #1. (Doc. No. 43.) On March 20, 2018, the Court adopted Magistrate Judge Skomal's R&R in its entirety. (Doc.

No. 44.) On April 2, 2018, the Court received Plaintiff's untimely objections. (Doc. No. 46.) On March 5, 2019, the Court overruled Plaintiff's objections and affirmed its Order adopting the R&R. (Doc. No. 57.) Plaintiff was given leave to amend until April 16, 2019. (*Id.* at 11.) On April 22, 2019, the Court then granted Plaintiff an extension until April 26, 2019 to file his Third Amended Complaint. (Doc. No. 60.) On the same day, Plaintiff filed a motion to reconsider. (Doc. No. 62.) The Court denied that motion. (Doc. No. 63.) Plaintiff then filed this instant motion to reconsider. (Doc. No. 65.) On November 25, 2019, Plaintiff then filed a Third Amended Complaint. (Doc. No. 70.)

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 60(b), courts may only reconsider a final order on certain enumerated grounds. These grounds include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(1)–(6). A motion made under the first three subsections of Rule 60(b) must be brought within a year, but a motion made under the other subsections need only be brought within a "reasonable time after entry of the order sought to be set aside." *Id.*; *see also United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982).

In addition, Local Civil Rule 7.1(i)(1) states that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. CivLR 7.1. The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* A court has discretion in granting or denying a motion for reconsideration. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003); *Fuller v.*

*M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 2001).

## **DISCUSSION**

Plaintiff subsequently filed a Third Amended Complaint where he did not name Defendants Roberts, Lewis, and Glynn as defendants, pursuant to the Court's previous Orders. Thus, this instant motion likely could be denied as moot. However, the Court will address Plaintiff's substantive arguments.

Plaintiff again attempts to revive his Eighth Amendment claims against Defendants Roberts, Lewis, and Glynn. (*See generally* Doc. No. 65.) However, Plaintiff has still failed to show how Defendants Roberts, Lewis, and Glynn participated in, knew of, or reasonably should have known of any constitutional injury. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff again asserts that if the case law he provided is applied to his case it would reveal that he pled sufficient facts to establish an Eighth Amendment violation against Defendants Roberts, Lewis, and Glynn.

However, Plaintiff only argues that Defendants Roberts, Lewis, and Glynn received his grievance and reviewed his medical records. (Doc. No. 65 at 2.) As the Court has previously explained, vague and conclusory allegations are insufficient to survive a motion to dismiss. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.3d 266, 268 (9th Cir. 1982). Furthermore, a prison official's alleged improper processing of an inmate's grievance, without more, fails to serve as a basis for section 1983 liability. *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners have no "separate constitutional entitlement to a specific prison grievance procedure"); *see also Shallowhorn v. Molina*, 572 Fed. App'x 545, 547 (9th Cir. 2014) (citing *Ramirez*, 334 F.3d at 860) (finding that the district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process"); *Cummer v. Tilton*, 465 Fed. App'x 598, 599 (9th Cir. 2012) (same); *Dragasits v. Yu*, No. 16-CV-1998 BEN (JLB), 2017 WL 3141802, at *14 (S.D. Cal. July 24, 2017) (collecting cases relying on *Ramirez* to hold that a "prison official's mere administrative review of a prisoner's health care appeal cannot serve as the basis of the official's liability under § 1983"), *adopted* 2016 WL 87375772

(S.D. Cal. Apr. 29, 2016), *aff'd sub nom. Bell v. Glynn*, 696 Fed. App'x 249 (9th Cir. 2017). The Court has sufficiently explained several times why Plaintiff has failed to establish an Eighth Amendment claim against Defendants Roberts, Lewis, and Glynn.

Additionally, Plaintiff has failed to show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." S.D. Cal. CivLR 7.1. Plaintiff has advanced identical arguments in two separate motions for reconsideration. Accordingly, the Eighth Amendment claims against Defendants Roberts, Lewis, and Glynn remain dismissed without leave to amend.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion for reconsideration. Plaintiff requests a copy of his instant motion as he did not have access to the law library in order to make a copy. The Court finds good cause exists and **ORDERS** that Plaintiff receive a copy of Docket Number 65.

**IT IS SO ORDERED**.

Dated: June 10, 2020

Hon. Anthony J. Battaglia
United States District Judge